O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| MARK HANSEN, | ) | Case No. CV 06-02125-MLG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of the | ) | |
| Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**I.  Background**

Plaintiff Mark Hansen seeks judicial review of the Commissioner's final decision denying his application for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act.  42 U.S.C. § 1381 *et seq*.  For the reasons set forth below, the ALJ's decision shall be affirmed.

Plaintiff filed an application for SSI benefits June 16, 2003. (Administrative Record "AR" at 56).  Plaintiff alleged disability due to impairments resulting from a gunshot wound suffered in 1987, including problems with his kidneys, bladder, liver, heart, and left-arm.  (AR at 68).

\\

Plaintiff was born July 18, 1964 and was 40 years old at the time of the hearing. (AR at 56). He has an eleventh grade education. (AR at 156). Plaintiff has been employed as a housekeeper, janitor, forklift operator, and security guard. (AR at 69, 77). He alleges a disability onset date of August 1, 1995. (AR at 56, 63).

Plaintiff's application for benefits was denied initially and upon reconsideration. (AR at 23-26; 31-34). A hearing was held before Administrative Law Judge ("ALJ") David M. Ganley on May 23, 2005, in San Bernardino, California. (AR at 149-71). Plaintiff, represented by counsel, testified (AR 151; 156-67), as did Medical Expert ("ME") Dr. Sami Nafoosi (AR at 152-55) and Vocational Expert ("VE") Gloria Lasoff (AR at 167-70). At the hearing, Plaintiff testified that he suffers from the residual symptoms from a gunshot wound inflicted in 1987, including abdominal, chest, and back pain, as well as numbness in his legs and testicles. (AR at 160-61). Plaintiff also testified that earlier in the month, he had seen a doctor for depression. (AR at 164). He claimed that he has nightmares and that he easily loses his temper. (AR at 165).

ALJ Ganley issued a decision denying benefits on July 18, 2005. (AR at 18). The ALJ noted that Plaintiff had not engaged in substantial gainful activity since August 1, 1995. (AR at 18). The ALJ found that the medical evidence established that Plaintiff "has residuals from abdominal gunshot wounds," however, the ALJ concluded that these impairments did not meet, or were not medically equal to, one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Id.). The ALJ further found that Plaintiff's testimony was not credible "to the extent [Plaintiff] alleged an inability to perform any work." (Id.). The ALJ determined that Plaintiff was capable of

2

performing medium work, and that his impairments did not preclude him from performing his past relevant work as a security guard, janitor, and forklift operator. (Id.). The ALJ did not comment on Plaintiff's claims of depression. (AR at 16-18). The ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920(e).

On December 5, 2005, the Appeals Council denied Plaintiff's request for review. (AR at 9). Plaintiff then commenced this action for judicial review.

On December 19, 2006, the parties filed a Joint Stipulation ("JS") of disputed facts and issues. Plaintiff contends that the ALJ erred in failing to order a consultative examination to assess the nature and extent of Plaintiff's depression. (JS at 3). Plaintiff seeks an order of remand "to secure and consider the mental health treatment records, purchase a consultative examination in psychiatry/psychology, and consider the program physician opinion that the depressive disorder afflicting [Plaintiff] is medically determinable." (JS at 12-13). The Defendant requests that the final decision of the Commissioner be affirmed. (JS at 12).

## II.  **Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision denying benefits. The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001). Substantial evidence means such evidence as a reasonable person might

3

accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). It is more than a scintilla, but less than a preponderance. *Reddick*, 157 F.3d at 720. To determine whether substantial evidence supports a finding, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Id*. "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id*. at 720-21.

**III.  The ALJ Fully and Fairly Developed the Record and Was Not Required to Order a Consultative Examination**

Plaintiff contends that the ALJ erred in failing to order a psychiatric consultative examination to assess the nature and extent of Plaintiff's depressive disorder. (JS at 4). Plaintiff relies heavily on two summary comments by Dawit Mamo, M.D., a doctor in internal medicine, who examined Plaintiff several times between April 27, 2004 and January 14, 2005. (AR at 141-48). In an examination on April 27, 2004 Dr. Mamo noted that Plaintiff was "depressed" and on November 11, 2004 he wrote "depression/anxiety" in the treatment notes and referred Plaintiff to a psychiatrist. (AR at 1423, 148).

Plaintiff testified that, as of the date of the administrative hearing, he had started receiving mental health treatment. (AR at 164). Plaintiff explained that he suffers from nightmares and that "if [he] sits at a stop sign, [he] just sits there in front of a car that just won't move." (AR at 165). Plaintiff also stated that he easily angers and "could just snap" at people and get "a little emotional." (Id.). Dr. Nafoosi, the ME who testified at the administrative hearing,

4

acknowledged that Dr. Mamo had diagnosed Plaintiff with depression/ anxiety. (AR at 154). As Plaintiff correctly notes, the ALJ did not mention depression as a medically determinable impairment in the decision. (See AR at 16-18).

While ALJs have a duty to fully develop the record in Social Security cases, *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991), this duty is only triggered when the record does not present sufficient evidence to allow the ALJ to reach a decision. One aspect of the ALJ's duty is the obligation to "make every reasonable effort" to help the claimant gather his medical records. 20 C.F.R. § 416.912(d). The ALJ can also fulfill his obligation to develop the record by ordering a consultative examination when the medical evidence is incomplete or unclear. 20 C.F.R. § 416.919; 42 U.S.C. § 423(d)(5)(A); *see also Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'"). Ultimately, however, a claimant bears the burden of presenting evidence within his control that establishes eligibility for benefits. *See* 20 C.F.R. § 416.912(a); *see also Ukolov v. Barnhart*, 429 F.3d 1002, 1004 (9th Cir. 2005) (placing burden on claimant to prove disability at all times).

The medical evidence in this case is neither incomplete nor unclear. There is no mention of depression or anxiety in Plaintiff's application for benefits or any medical record up through April 2004. Dr. Mamo's one-word assessment of depression in both the April and November 2004 reports, and Plaintiff's testimony at the administrative hearing, are the *only* evidence in the record which even suggests that Plaintiff suffers from a depressive disorder.

Moreover, Dr. Mamo's notations are not supported by any objective medical findings and appear to be based solely on Plaintiff's subjective complaints.  While the Plaintiff is correct that the ALJ is generally obligated to accord special weight to the opinions of a treating physician, *see McAllister v. Sullivan*, 880 F.2d 1086, 1089 (9th Cir. 1989), the ALJ is not required to discuss all evidence presented. Rather, the ALJ must only explain why "significant probative evidence has been rejected." *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984).  Dr. Mamo's notation "depression/anxiety" is neither significant nor probative.  Similarly, Plaintiff's one time visit to a mental health professional in the weeks before the administrative hearing, particularly when he had never raised a psychological impairment as a basis for disability, was not sufficient to trigger additional consultative examinations or further development of the record.

Plaintiff has failed to establish that the record was either insufficient or ambiguous on the issue of depression as a basis for a disability finding.  Thus, the ALJ was not required to engage in additional record development.

III. **CONCLUSION**

For the reasons stated above, the Court finds that the ALJ's decision was supported by substantial evidence.  It is **ORDERED** that the decision of the Commissioner be affirmed and that this case be dismissed with prejudice.

DATED: January 22, 2007

_____
Marc L. Goldman
United States Magistrate Judge

6